FILED

07 DEC -4 PH 3:51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERRNEI REINA,<br><br>                       Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br><br>                       Respondent. | CASE NO. 07-CV-1304 W<br>00-CR-3209 W<br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (Civ. Doc. No. 1; Cr. Doc. No. 510.)** |

On July 17, 2007, Ferrnei Reina ("Petitioner"), a federal prisoner proceeding *pro se*, commenced this action seeking relief from his conviction under Federal Rule of Civil Procedure 60(b).  On August 28, 2007, the Government filed its opposition.  On October 1, 2007, Petitioner filed his traverse.  The Court decides the matter on the papers submitted and without oral argument.  <u>See</u> S.D. Cal. Civ. R. 7.1(d.1).  For the reasons discussed below, the Court **DENIES** Petitioner's motion.

///

///

///

07cv1304

I.     BACKGROUND

The facts of this case are not in dispute.  On October 11, 2000, a grand jury for the Southern District of California returned a two-count Indictment charging Petitioner and others with conspiracy to distribute cocaine on board a vessel (Count 1), and possession of cocaine on board a vessel (Count 2), in violation of the Maritime Drug Law Enforcement Act ("MDLEA").  On October 18, 2001, the day the trial was scheduled to begin, Petitioner pled guilty to Counts 1 and 2 of the Indictment without the benefit of a plea agreement.  On January 22, 2002, Petitioner was sentenced to 135 months in prison.  Petitioner filed a notice of appeal, and on February 4, 2004, the Ninth Circuit Court of Appeals affirmed Petitioner's 135-month sentence.

On December 14, 2004, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2255.  Petitioner alleged that (1) trial counsel failed to advise Petitioner that if he proceeded to trial, the government would have been required to prove the amount of drugs in the Indictment beyond a reasonable doubt; (2) trial counsel was ineffective because he failed to properly investigate Petitioner's role as a minor player in the charged offenses; and (3) the district court violated Federal Rule of Criminal Procedure 11 by not advising Petitioner of the proper statutory maximum sentence for the charged offenses.  On May 9, 2005, this Court denied Petitioner's motion.  Petitioner sought a certificate of appealability, which this Court denied on June 7, 2005.

On July 17, 2007, Petitioner filed this motion to set aside or vacate the prior judgment under Federal Rule of Civil Procedure 60(b), specifically under Rule 60(b)(4) and Rule 60(b)(6).  Though Petitioner's arguments are not entirely clear, Petitioner seems to allege that the district court erroneously exercised jurisdiction over him without first requiring the Government to allege in the Indictment and prove to a jury beyond a reasonable doubt certain facts necessary to establish jurisdiction.  Specifically, the Government did not allege and prove that the vessel Petitioner was aboard was stateless, i.e. without nationality, which is required to establish subject matter jurisdiction under the MDLEA.  See 46 App. U.S.C. § 1903(c).

07cv1304

1   The catalyst for Petitioner's motion is the Ninth Circuit's <u>United States v.</u>
2   <u>Perlaza</u>, 439 F.3d 1149 (9th Cir. 2006) opinion. In <u>Perlaza</u>, the Ninth Circuit reversed
3   and remanded the conviction and sentence of Petitioner's ten co-defendants who
4   proceeded to trial. <u>Id.</u> at 1153. The court determined that the district court
5   erroneously exercised jurisdiction over those ten defendants by not requiring the
6   Government to allege and prove to a jury beyond a reasonable doubt that the vessel was
7   stateless. <u>Id.</u>   In addition to the jurisdictional argument, Petitioner alleges
8   ineffectiveness of counsel. Thus, Petitioner argues that he should be relieved from his
9   conviction.

10

11  **II.   LEGAL STANDARD**

12   Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or
13  re-sentence a defendant if it concludes that "the sentence was imposed in violation of
14  the Constitution or laws of the United States, or that the court was without jurisdiction
15  to impose such sentence, or that the sentence was in excess of the maximum authorized
16  by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This statute is
17  intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in
18  the district of confinement, by providing an equally broad remedy in the more
19  convenient jurisdiction of the sentencing court. <u>See</u> <u>United States v. Addonizio</u>, 442
20  U.S. 178, 185 (1979); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

21   The remedy available under § 2255 is as broad and comprehensive as that
22  provided by a writ of habeas corpus. <u>See</u> <u>United States v. Addonizio</u>, 442 U.S. 178,
23  184-85 (1979).   But this does not encompass all claimed errors in conviction and
24  sentencing. <u>Id.</u> at 187. A mere error of law does not provide a basis for collateral
25  attack unless the claimed error "resulted in a complete miscarriage of justice or in a
26  proceeding inconsistent with the rudimentary demands of fair procedure." <u>Hamilton</u>
27  <u>v. United States</u>, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting <u>United States v.</u>
28  <u>Timmreck</u>, 441 U.S. 780, 783-84 (1979)).

07cv1304

1   In contrast to § 2255 or habeas relief, Federal Rule of Civil Procedure 60(b)
2   permits relief from a final judgment or order for (1) mistake, inadvertence, surprise, or
3   excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by the
4   adverse party; (4) voiding that judgment; (5) satisfaction of the judgment; or (6) any
5   other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).
6   The motion must be made within a reasonable time, and it must be made not more
7   than one year after the judgment if for reasons (1), (2), or (3). Id.

8

9   III.   DISCUSSION

10   As a threshold issue, the Court considers whether Petitioner's Rule 60(b) motion
11   is actually a successive habeas petition subject to the requirements of the Antiterrorism
12   and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244. Because this
13   Court finds that the motion is a successive petition, this Court will then consider
14   whether Petitioner has complied with AEDPA's requirements for bringing successive
15   habeas petitions.

16

17   **A.    When a Rule 60(b) Motion is a Successive Habeas Petition.**

18   The Ninth Circuit has articulated a policy in favor of treating Rule 60(b) motions
19   in habeas cases as successive petitions governed by AEDPA. Thompson v. Calderon,
20   151 F.3d 918, 921 (9th Cir. 1998). The Ninth Circuit reasons that "Rule 60(b) cannot
21   be used to circumvent restraints on successive habeas petitions. That was true before
22   [the AEDPA] was enacted, and it is equally true, if not more so, under the new act."
23   Id. (citing Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996)). The Ninth Circuit
24   has held that "when the factual predicate for a Rule 60(b) motion also states a claim
25   for a successive petition under 28 U.S.C. § 2244(b), the Rule 60(b) motion should be
26   treated as a successive habeas petition. Id. The court also noted, however, that a
27   bright line rule equating all Rule 60(b) motions with successive habeas petitions would
28   be improper, and that in certain situations a Rule 60(b) motion may be brought without

-4-

1    having to comply with AEDPA's requirements for successive petitions. Id. Indeed, the

2    Supreme Court has held that district courts have jurisdiction to consider  Rule 60(b)

3    motions in habeas proceedings if the motion "attacks, not the substance of the federal

4    court's resolution of a claim on the merits, but some defect in the integrity of the federal

5    habeas proceedings. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

6         The Supreme Court has noted that determining whether a Rule 60(b) motion

7    advances one or more "claims" is relatively simple.  Id.  When a movant (i) asserts any

8    new ground entitling a petitioner to habeas corpus relief, or (ii) asserts that a previous

9    ruling regarding one of those grounds was in error, he is making a habeas corpus claim.

10   Id. at 532; See Id. 532 n.4.  However, when the movant merely asserts that a previous

11   ruling which precluded a merits determination was in error, he does not assert a habeas

12   corpus claim; thus, the Rule 60(b) motion is not treated as a successive habeas petition.

13   Id. at 532.

14

15        **B.    Petitioner's Contentions**

16        In his Rule 60(b) motion, Petitioner has both advanced a new habeas claim and

17   has attacked the substance of one of his prior habeas claims which the Court resolved

18   on the merits.  (*Def. Mot. Relief J.* 2-3.)  Petitioner has not alleged any defects in the

19   integrity of his prior federal habeas proceeding.

20        Petitioner's motion is based on two contentions: (1) that the district court

21   erroneously exercised jurisdiction over him without first requiring the Government to

22   allege in the Indictment and prove to a jury beyond a reasonable doubt certain facts

23   necessary to establish jurisdiction; and (2) that his counsel was ineffective.

24        The first contention is a new habeas claim because § 2255 clearly sets forth as a

25   ground for habeas relief the court's imposition of a sentence without jurisdiction to

26   impose such sentence.  See 28 U.S.C. § 2255.  Petitioner did not advance this claim

27   in his prior § 2255 petition.  Thus, because the first contention is a new ground for

28   habeas relief that was not advanced in the prior petition, this Court cannot consider the

1   claim under a Rule 60(b) motion— it is instead treated as a successive habeas petition.

2   Furthermore, the second contention (ineffectiveness of counsel) was already

3   disposed of on the merits in Petitioner's prior habeas petition. (*Order Den. Mot. Habeas*

4   *Corpus Relief*, May 9, 2007.) The instant Rule 60(b) motion simply seeks to re-litigate

5   the same issue. Thus, under Gonzalez, the Court must consider this a successive habeas

6   petition rather than a Rule 60(b) motion.

7

8   **C.   The Ninth Circuit Has Not Authorized This Court to Consider**
    **Petitioner's Successive Habeas Petition.**

9

10  When a Rule 60(b) motion qualifies as a second or successive habeas petition

11  under Gonzales, it must comply with AEDPA's requirements. See 28 U.S.C. § 2244.

12  The AEDPA imposes three basic requirements on successive habeas petitioners. First,

13  "any claim that has already been adjudicated in a previous petition must be dismissed."

14  Gonzalez, 545 U.S. at 529-30; see also 28 U.S.C. § 2244(b)(1). Second, any new claim

15  that was not already adjudicated must be dismissed unless it relies on "a new and

16  retroactive rule of constitutional law or new facts showing a high probability of actual

17  innocence." Gonzalez, 545 U.S. at 530; see also 28 U.S.C. § 2244(b)(2). Finally, before

18  a district court can accept a successive habeas petition, "the court of appeals must

19  determine that it presents a claim not previously raised that is sufficient to meet

20  § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez, 545 U.S. at 530; see

21  also 28 U.S.C. § 2244(b)(3).

22  Against 28 U.S.C. § 2244(b)(3)'s appellate certification requirement, Petitioner

23  has not sought or obtained an order from the Ninth Circuit authorizing this Court to

24  consider a successive § 2255 petition. Because this step is always required for successive

25  habeas petitions, AEDPA bars this Court  from considering Petitioner's motion at

26  present. See Gonzalez, 545 U.S. at 530.

27  ///

28  ///
    ///

IV.   CONCLUSION AND ORDER

        After reviewing Petitioner's claims, the Court finds that Petitioner's Rule 60(b) motion should be instead viewed as a successive habeas corpus petition. Because Petitioner has not fulfilled the requirements to bring a successive habeas petition, the Court **DENIES** Petitioner's Motion for Relief from Judgment. (Civ. Doc. No. 1; Cr. Doc. No. 510.)

        **IT IS SO ORDERED.**

DATED: December 4, 2007

                                        _____
                                        HON. THOMAS J. WHELAN
                                        United States District Court
                                        Southern District of California

07cv1304